[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-13538
_____

D.C. Docket No. 8:12-cv-00731-SDM,
Bkcy No. 8:08-bk-20150-CPM

V. JOHN BROOK, as Chapter 7 Trustee of the Estate
of Claudia Acosta-Garriga,

                                               Plaintiff - Appellant,

versus

CHASE BANK USA, N.A.,

                                               Defendant - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(May 14, 2014)

Before WILSON and JORDAN, Circuit Judges, and ROTHSTEIN,[*] District Judge.

---

[*] Honorable Barbara Jacobs Rothstein, United States District Judge for the District of Columbia, sitting by designation.

PER CURIAM:

The question in this case is whether the bankruptcy court abused its discretion when it declined to set off statutory damages and attorney's fees awarded under the Florida Consumer Collection Practices Act (hereinafter, "the FCCPA") against a pre-petition debt discharged in bankruptcy. Chase Bank (USA), N.A. (hereinafter, "Chase") appealed from the bankruptcy court's ruling and the district court reversed. Because we conclude that the bankruptcy court did not abuse its discretion in denying the set off, we reverse the district court and remand.

Debtor Claudia Acosta-Garriga filed a bankruptcy petition for Chapter 7 protection on December 18, 2008. Chase held a pre-petition claim against Ms. Acosta-Garriga in the amount of approximately $30,000 for outstanding debt on two Chase-issued credit cards. Chase did not file a proof of claim and the credit card debt was ultimately discharged through the bankruptcy. In an adversary proceeding brought by the Chapter 7 Trustee for the estate of Claudia Acosta-Garriga (hereinafter, "the Trustee"), the bankruptcy judge found that Chase, while attempting to collect the credit card debt, violated Sections 559.72(7) and 559.72(18) of the FCCPA. Incorporating a ruling from another adversary proceeding, *Meininger v. Chase* (*In re Gutshall*), 8:10-ap-977, Doc. 52 (Bankr.

2

M.D. Fla. July 24, 2011), the bankruptcy court awarded the Trustee the maximum statutory damages of $1,000 and statutorily-mandated attorney's fees.

The bankruptcy court denied Chase's request to set off the FCCPA award against Chase's pre-petition claim against Ms. Acosta-Garriga (*i.e.*, the approximately $30,000 in credit card debt). Relying on a case from the former Fifth Circuit, *Newton v. Beneficial Finance Company of New Orleans*, 558 F.2d 731 (5th Cir. 1977), the bankruptcy court concluded that set off is not available in this case because the FCCPA is a penal statute and, in the bankruptcy court's view, an award under a penal statute cannot be set off against a debt discharged in bankruptcy. The bankruptcy court also determined that set off is not available here because, according to the bankruptcy court, the FCCPA award and the credit card debt did not satisfy the mutuality requirement for set off under Florida law. Lastly, the bankruptcy court, employing its discretion, concluded that even if Chase had the right to set off its FCCPA obligation against the discharged credit card debt under Florida law, the equities weighed against set off.

While not entirely clear, it appears that the district court reviewed the bankruptcy court's decision *de novo*. The district court rejected the bankruptcy court's reliance on *Newton*, stating that *Newton* has little precedential value, and further rejected the bankruptcy court's determination that mutuality did not exist between Chase's FCCPA obligation and Ms. Acosta-Garriga's debt. Instead, the

3

district court noted Florida's preference for the entry of a single judgment and concluded that Florida law requires set off. The district court also rejected the bankruptcy court's conclusion that it would be inequitable to allow Chase to set off its obligation against the discharged debt. Accordingly, the district court reversed.

In the bankruptcy context, this Court sits as a second court of review and examines independently the factual and legal determinations of the bankruptcy court. *In re Optical Techs., Inc.*, 425 F.3d 1294, 1299–1300 (11th Cir. 2005). The right to set off pre-petition mutual debts is preserved by Section 553 of the Bankruptcy Code. *In re Prudential of Florida Leasing, Inc.*, 478 F.3d 1291, 1297 (11th Cir. 2007); 11 U.S.C. § 553. Set off under Section 553 is the "right to cancel out mutual debts against one another in full or in part ... to avoid 'the absurdity of making A pay B when B owes A.'" *In re Patterson*, 967 F.2d 505, 508–09 (11th Cir. 1992) (quoting *Studley v. Boylston Nat'l Bank*, 229 U.S. 523, 528 (1913)). However, the right to set off is not absolute. *Id*. at 509. Whether to allow set off is a decision that lies within the sound discretion of the bankruptcy court. *In re Kingsley*, 518 F.3d 874, 877(11th Cir. 2008); *In re The Sec. Group 1980*, 74 F.3d 1103, 1114 (11th Cir. 1996) ("[T]he right to set off under § 553 is merely permissive and subject to the discretion of the bankruptcy court."); *In re Diplomat Electric, Inc.*, 499 F.2d 342, 346 (5th Cir. 1974) (the right of set off is governed by the discretion of the court); *Meyer Medical Physicians Group, Ltd. v. Health Care*

4

*Service Corporation*, 385 F.3d 1039, 1041 (7th Cir. 2004) ("The allowance of a setoff is a decision that lies within the sound discretion of the bankruptcy court.").

Thus, we review the bankruptcy court's refusal to reduce the FCCPA damages and attorney's fees award by the amount of the credit card debt owed by Ms. Acosta-Garriga before her bankruptcy and discharge for abuse of discretion. In reviewing for abuse of discretion, we recognize the existence of a "range of possible conclusions the [bankruptcy court] may reach," and "must affirm unless we find that the…court had made a clear error of judgment, or has applied the wrong legal standard." *In re Kingsley*, 518 F.3d at 877 (quoting *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1238 (11th Cir. 2007)).

We have also held that "[s]ubstantive law, usually state law, determines the validity of the right [of set off]" under the Bankruptcy Code. *In re Patterson*, 967 F.2d at 509; *see also* 5 Collier on Bankruptcy ¶ 553.04 (2004) ("[T]he Bankruptcy Code does not create any setoff right; it merely preserves certain rights of setoff that exist under applicable non-bankruptcy law."). Here, the bankruptcy court correctly notes that Florida law is silent as to whether an obligation incurred under the FCCPA can be set off against a pre-petition debt. In reversing the bankruptcy court, the district court interpreted Florida law's silence to mean that such an obligation must be set off against a pre-petition debt. The district court's error is that it fails to recognize that the right to set off debts is within the sound discretion

5

of the bankruptcy court. As long as Florida law neither mandates nor prohibits set off under the FCCPA—and it does not—it is entirely within the bankruptcy court's discretion whether to allow set off under the circumstances of the case.

In declining to set off the FCCPA award against the credit card debt, the bankruptcy court noted that the purpose of the FCCPA is to deter bad collection practices, noting that "[t]he FCCPA…seeks to protect Florida consumers from illegal and/or unscrupulous practices of debt collectors and other persons." *Meininger v. Chase* (*In re Gutshall*), 8:10-ap-977, Doc. 52 (Bankr. M.D. Fla. July 24, 2011) (citing *Schauer v. General Motors Acceptance Corp.*, 819 So.2d 809, 811-812 (Fla. 4th DCA 2002)). Thus, the bankruptcy court concluded, it would be "inequitable to permit" Chase to set off its FCCPA obligation because it would allow Chase "to take illegal action without consequence." In the bankruptcy court's view, if a creditor can simply set off an award under the FCCPA against the outstanding debt the creditor is attempting to collect, there would be little to no incentive to comply with the FCCPA. The bankruptcy court was also concerned that allowing a creditor to set off its FCCPA obligation would "reward" the creditor's illegal actions by giving it "a shortcut in the collection process." Further, the bankruptcy court noted that the Florida legislature included a mandatory attorney's fee provision in the FCCPA. The bankruptcy court determined that the Florida legislature included the mandatory attorney's fee provision in order to

encourage private attorneys to bring FCCPA claims. In the bankruptcy court's view, if a creditor is allowed to set off its FCCPA obligation against the outstanding debt, private attorneys would be discouraged from bringing FCCPA claims and bad collection practices—the very practices the statute is meant to curb—would never be aired in a court of law.

As the bankruptcy court noted, the FCCPA was enacted as a means of regulating the activities of consumer collection agencies within the state. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1190 (11th Cir. 2010); 10A FLA. JUR.2D CONSUMER § 138 (2010) ("The FCCPA is a laudable legislative attempt to curb what the legislature evidently found to be a series of abuses in the area of debtor-creditor relations."). The bankruptcy court exercised its discretion to deny set off here reasoning that the stated purpose of the FCCPA would be undermined if set off was allowed. Such a determination is well within the sound discretion of the court.

We find that the bankruptcy court's refusal to reduce the Trustee's FCCPA damages and attorney's fees award by the amount of the credit card debt owed by Ms. Acosta-Garriga before her bankruptcy and discharge was well within the bankruptcy court's reasoned and sound discretion. We therefore reverse the district court's decision and remand for a determination of the award of attorney's fees.

**REVERSED AND REMANDED.**

**UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT**

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

John Ley
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

May 14, 2014

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 13-13538-DD
Case Style: Chase Bank USA, N.A. v. V. Brook
District Court Docket No: 8:12-cv-00731-SDM
Secondary Case Number: 8:08-bk-20150-CPM

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause.** Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the CRIMINAL JUSTICE ACT must file a CJA voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for a writ of certiorari (whichever is later).

Pursuant to Fed.R.App.P. 39, costs taxed against the appellee.

The Bill of Costs form is available on the internet at www.ca11.uscourts.gov

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Elora Jackson, DD at (404) 335-6173.

Sincerely,

JOHN LEY, Clerk of Court

Reply to: Djuanna Clark
Phone #: 404-335-6161

OPIN-1A Issuance of Opinion With Costs