UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


IN RE CLAUDIA ACOSTA-GARRIGA,

      Debtor.

_____/

V. JOHN BROOK,

      Plaintiff,

v.                                         CASE NO.: 8:12-cv-731-T-23

CHASE BANK (USA), N.A.,

      Defendant.

_____/

## ORDER

    V. John Brook moves (Doc. 27) for an attorney's fee and costs.  Chase Bank (USA), N.A., agrees that under Section 559.77(2), Florida Statutes, the Florida Consumer Collection Practices Act, Brook as the prevailing party is entitled to "court costs and reasonable attorney's fees."  Also, Chase agrees that under Section 59.46, Florida Statutes, the award includes fees incurred on appeal in both the district court and the circuit court.  Further, Chase agrees to the reasonableness of Brook's hourly rates.  However, Chase argues that Brook claims excessive hours.

## DISCUSSION

    Determining a reasonable fee begins with a calculation of the lodestar, the hours reasonably expended multiplied by a reasonable hourly rate.  Although the reasonableness of an attorney's fee under a Florida statute is governed by Florida

law, federal law remains instructive. *Kearney v. Auto-Owners Ins. Co.*, 713 F Supp. 2d 1369, 1374 (M.D. Fla. May 14, 2010) (Bucklew, J.) ("Florida law and federal law on determining attorney's fees mirror each other.").

The fee applicant bears the burden both of establishing entitlement to an attorney's fee and of documenting the hours worked and the hourly rate. *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. February 1, 1988); *Florida Patient's Comp. Fund v. Rowe*, 472 So. 2d 1145, 1150–51 (Fla. 1985). The fee applicant should present an accurate and current record of the work performed. *Rowe*, 472 So. 2d at 1150. "Inadequate documentation may result in a reduction in the number of hours claimed, as will a claim for hours that the court finds to be excessive or unnecessary." *Rowe*, 472 So. 2d at 1150. The "novelty and difficulty of the question involved should normally be reflected by the number of hours reasonably expended on the litigation." *Rowe*, 472 So. 2d at 1150 (internal quotation marks omitted).

### 1. Reasonableness of hours expended

Brook requests an attorney's fee of $121,077.50 for 436.50 hours claimed by seven attorneys on two appeals. (Doc. 26 at 26) Specifically, Brook claims approximately 31 hours preparing his brief for the appeal to the district court, more than 200 hours preparing his briefs for the appeal to the circuit court, approximately 113 hours preparing for oral argument in the circuit court, and approximately 34 hours preparing his fee application. (Doc. 26 at 21–26)

Chase argues that Brook claims excessive hours for preparing his briefs for the appeal to the circuit court.  In contrast to the 31 hours that Brook claims for preparing his brief for the appeal to the district court, Brook claims in his appeal to the circuit court over 100 hours on his initial brief and over 100 hours on his reply brief.  (Doc. 26 at 21–23)  As Chase's expert states, the legal issues and arguments raised in the district court and in the circuit court substantially overlap.  (Doc. 29 at 26)  Also, Chase's expert identifies portions of Brook's circuit court brief that were "cut and pasted" from his district court brief.  (Doc. 29 at 26)

Brook attempts to explain the discrepancy in the hours claimed for the two appeals by arguing that in the district court he"was able to utilize . . . experience with the issue of setoff developed in similar [Florida Consumer Collection Practices Act] cases and was able to lean heavily on the trial briefs in this case and other cases." (Doc. 27 at 10)  Also, Brook claims that the appeal to the district court "established only a starting point for [the] legal research and writing" in the circuit court. (Doc. 27 at 10)  However, given the overlap of the two appeals, these explanations fail to account for the more than 200 hours Brook spent researching and briefing for the circuit court.  Although Chase's expert argues for a 75% reduction in the compensable hours Brook claims for research and briefing for the circuit court, a 40% reduction more fairly approximates the reasonably necessary hours.

Brook claims approximately 113 hours for preparing and delivering his oral argument in the circuit court appeal.  (Doc. 26 at 23–25)  Chase offers several

unrebutted reasons why the circumstances warrant a reduction of these hours.  For instance, although the attorney who argued in the circuit court worked continually on the appeal after the trial in the bankruptcy court, he claims nearly 80 hours preparing for oral argument.  (Doc. 26 at 28).  Given the attorney's extensive experience, his expansive knowledge of the subject, the briefing of the same arguments in other courts, and the familiarity of the issue, the claimed hours are too many.  Chase's expert argues for approximately a 65% reduction in the compensable hours for oral argument.  A 40% reduction more fairly approximates the reasonably necessary hours.

Chase also objects to Brook's use of block-billing and vague time entries.  As Chase notes, block-billing impedes effective judicial review and warrants a reduction in the hours compensated.  However, a fee applicant's including more than one task in a single billing entry is not invariably block-billing; a detailed description will vindicate the entry.  But Brook offers several ambiguous descriptions that prevent an informed assessment.  Additionally, some descriptions are repetitive and formulaic.  An inadequate entry provides further support for a reduction of the attorney's fee.  *See Wendel v. USAA Cas. Ins. Co.*, 2009 WL 1971451 (M.D. Fla. July 8, 2009) (Merryday, J.) (adopting a magistrate judge's report that recommends reduction or elimination of a vague time entry).

Chase argues that Brook cannot recover the 34 hours claimed for the attorney's fee application.  Brook claims much of the 34 hours for demonstrating the

amount and reasonableness of — not the entitlement to — an attorney's fee. (Doc. 26 at 25–26)  Also, Brook fails to cite any statutory authority supporting his entitlement to "fees for fees."  Under Florida law, a party can recover for time spent establishing entitlement to a fee, but the party cannot recover for time spent litigating the amount of the attorney's fee.  *State Farm  Fire & Casualty Co. v. Palma*, 629 So. 2d 830, 833 (Fla. 1993).  Thus, Brook cannot recover a fee for a majority of the hours claimed for the fee application.  A 75% reduction reasonably compensates Brook for the hours spent establishing his entitlement to an attorney's fee.

In consideration of Brook's fee application and Chase's objections, Brook is entitled to compensation for the following time:

<u>In the District Court</u>
| | |
|---|---|
| Research | 3.80 hours |
| Briefing | <u>27.10 hours</u> |
| | 30.90 hours[1] |

<u>In the Eleventh Circuit Court</u>
| | |
|---|---|
| Interviews and conferences | 11.00 hours |
| Obtaining and reviewing records | 39.50 hours |
| Research | 30.00 hours (40% reduction) |
| Briefing | 94.44 hours (40% reduction) |
| Oral argument | <u>68.10 hours </u>(40% reduction) |
| | 243.04 hours |

<u>Fee Application</u>       8.55 hours (75% reduction)

<u>Total Hours</u>:       282.49 hours

---

[1] On the forms (Doc. 26 at 28-34) accompanying Brook's application for an attorney's fee, the time claimed for the appeal to the district court is not distinguished from the time claimed for the appeal to the circuit court. Thus, the breakdown of time for the appeal to the district court is based on a review of Brook's billing invoice (Doc. 26 at 21-27).

The resulting lodestar is $84,747.00 ($300.00[2] average hourly rate x 282.49 hours).

Although the lodestar calculation is embedded in (A) and (C), the balance of the factors enumerated in Rule 4-1.5, Rules Regulating The Florida Bar, complements the lodestar calculation:

> (A) the time and labor required, the novelty, complexity, and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
>
> (B) the likelihood that the acceptance of the particular employment will preclude other employment by the lawyer;
>
> (C) the fee, or rate of fee, customarily charged in the locality for legal services of a comparable or similar nature;
>
> (D) the significance of, or amount involved in, the subject matter of the representation, and the results obtained;
>
> (E) the time limitations imposed by the client or by the circumstances and, as between attorney and client, any additional or special time demands or requests of the attorney by the client;
>
> (F) the nature and length of the professional relationship with the client;
>
> (G) the experience, reputation, diligence, and ability of the lawyer or lawyers performing the service and the skill, expertise, or efficiency of effort reflected in the actual providing of such services; and
>
> (H) whether the fee is fixed or contingent . . . .

Although each of these factors deserves (and received) consideration in this instance, neither party argues that in the circumstances of this action any of these factors (or any combination of factors) warrants a net adjustment to the lodestar calculation.

---

[2] The parties agree that an average hourly rate of $300 is reasonable in this action. Chase's expert states that $300 is the "average hourly rate for attorneys." (Doc. 29 at 28) Brook states that prevailing market hourly rates range from $225 to $394. (Doc. 27 at 8) Further, an average hourly rate of $300 is reasonable compared to the weighted average hourly rate of $277.38 for Brook's seven attorneys.

**2. Costs**

Chase does not object to Brook's request for costs in the amount of $2,100.36.

Section 559.77(2) establishes a prevailing party's entitlement to court costs.

Accordingly, Brook is entitled to collect his costs.

**CONCLUSION**

In conclusion, Brook's motion (Doc. 27) is **GRANTED IN PART**.  The clerk is

directed to enter a judgment for Brooks and against Chase for $86,847.36, comprising

an attorney's fee of $84,747.00 and costs of $2,100.36.

ORDERED in Tampa, Florida, on December 30, 2014.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE